In the Matter of MOHAMED S. MOURSI, Respondent, v SALLY M. ANSARA, Appellant. [913 NYS2d 562]—

In a proceeding pursuant to Domestic Relations Law § 77-d to register a foreign order of custody dated September 11, 2007, the mother appeals from an order of the Family Court, Queens County (Jackman-Brown, J.), dated April 30, 2009, which, upon an order of the same court dated April 28, 2009, in effect, confirming the amended report and recommendations of the same court dated March 25, 2009 (Seiden, R.), made after a hearing, adopted the recommendations of that report and, in effect, granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

A person seeking to contest the validity of the registration in

New York of a child custody determination issued by a court of another state must establish that the court which issued the original order lacked jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) (*see* 28 USC § 1738A; Domestic Relations Law art 5-A) to issue the order, or that a court having jurisdiction pursuant to the UCCJEA vacated, stayed, or modified the original order (*see* Domestic Relations Law § 77-d). Here, the mother failed to establish either that the court which issued the original order lacked jurisdiction pursuant to the UCCJEA or that the court which purportedly modified the original order had jurisdiction pursuant to the UCCJEA (*see* Domestic Relations Law §§ 75-d, 76-a [1]; § 76-b; *Matter of Felty v Felty*, 66 AD3d 64, 70 [2009]). Thus, the Family Court properly, in effect, granted the petition (*see* Domestic Relations Law § 77-d). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.